IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAREE SCOTT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-195-LPS |
| | : | |
| DELAWARE DEPARTMENT OF | : | |
| FAMILY SERVICES, | : | |
| | : | |
| Defendant. | : | |

Karee Scott, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 8, 2012
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Karee Scott ("Plaintiff") filed this action alleging discrimination by reason of mental illness and race. (D.I. 2) She appears *pro se* and proceeds *in forma pauperis*. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

Plaintiff is the biological mother of three children. Her parental rights for two of the children were terminated in October 2008. One ground for termination was Plaintiff's inability to comply with her case plan due to mental illness. An alternate ground was Plaintiff's failure to plan for the care of her children because her mental illness rendered her mentally incompetent and unable to discharge her parental responsibilities.

Five days following the February 2008 birth of her third child, the Family Court of the State of Delaware in and for New Castle County ("Family Court") entered an *ex parte* order temporarily placing the infant in the care of the Division of Family Services ("DFS"). A termination of parental rights hearing was held in June 2010 and, thereafter, the Family Court issued an order on October 1, 2010, terminating Plaintiff's parental rights to the youngest child. The Family Court found that DFS had made reasonable efforts to unify Plaintiff and the child, but Plaintiff's mental illness prevented her from complying with her case plan and the plan for the youngest child. Based upon evidence presented, the Family Court found that DFS had established by clear and convincing evidence at least two independent statutory grounds, as set forth in 13 Del. C. § 722, to terminate Plaintiff's parental rights to the youngest child.

1

Plaintiff appealed to the Supreme Court of the State of Delaware ("Delaware Supreme Court") on the grounds that there was insufficient evidence to support the Family Court's conclusion that DFS has used reasonable efforts to reunify her with her child and that DFS should have created a separate case plan tailored to the youngest child's case, rather than the one created for her two older children. The Delaware Supreme Court found that the Family Court correctly determined that DFS has used reasonable attempts to reunify Plaintiff with the youngest child and, on May 24, 2011, affirmed the judgment of the Family Court. *Stewart v. Division of Family Services*, 21 A.3d 597 (Del. 2011) (table decision).[1]

Plaintiff alleges discrimination by reason of a mental diagnosis and race. She asks the Court to reevaluate her case, return her children, and investigate the DFS with regard to their practices towards people's illness and towards single black mothers.

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his

---

[1] The Delaware Supreme Court assigned pseudonyms to the parties pursuant to Del. Sup. C. R. 7(d).

pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a

two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. Eleventh Amendment Immunity

It is not clear under which federal statute Plaintiff proceeds. To the extent she attempts to raise a claim pursuant to 42 U.S.C. § 1983, the claims against Defendant Delaware Department of Family Services are barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

Accordingly, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). However, since it appears plausible that Plaintiff may be able to articulate a claim against alternative individual defendants, she will be given an opportunity to amend her pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (not published) (stating leave to amend is proper where plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### B.  Rooker-Feldman Doctrine

The Court cannot provide the relief Plaintiff seeks to the extent that she seeks review of the decision of the Delaware Supreme Court. Federal district courts are courts of original jurisdiction and have no authority to review final judgments of a state court in judicial proceedings.[2] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Power v. Department of Labor*, 2002 WL 976001 (D. Del. May 3, 2002). The *Rooker-Feldman* doctrine applies in cases "brought by [a] state-court loser . . . complaining of injuries caused by the state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005).

Plaintiff's claims as presently pled come within the purview of the *Rooker-Feldman* doctrine. Allowing Plaintiff's claims to proceed against Defendant would allow her to use the federal courts to appeal state court judgments and, thus, would run afoul of the *Rooker-Feldman*

---

[2]The *Rooker-Feldman* doctrine divests the Court of subject matter jurisdiction and, therefore, it may be raised at any time by the Court *sua sponte*. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 419 (3d Cir. 2003).

doctrine. *See Rooker*, 263 U.S. at 413; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). To the extent that Plaintiff seeks to have this Court review or invalidate the orders of the Delaware Supreme Court, this Court lacks the jurisdiction to do so.

## V.    <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff will be given leave to amend the Complaint.

An appropriate Order follows.