IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAREE SCOTT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 12-195-LPS |
| | : | |
| DELAWARE DEPARTMENT OF FAMILY SERVICES, | : | |
| | : | |
| Defendant. | : | |

Karee Scott, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

February 28, 2013
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Karee Scott ("Plaintiff") filed this action alleging discrimination by reason of mental illness and race. (D.I. 2) She appears *pro se* and proceeds *in forma pauperis*. The Court dismissed the original Complaint and gave Plaintiff leave to amend. (*See* D.I. 7, 8) Plaintiff timely filed an Amended Complaint which the Court proceeds to review and screen pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

The original Complaint named as its sole defendant the Delaware Department of Family Services. All claims against it were dismissed on the basis of its Eleventh Amendment immunity. In addition, the Court noted that it could not grant Plaintiff the relief she sought pursuant to the Rooker-Feldman Doctrine. Plaintiff was given leave to amend since it appeared plausible that she might be able to articulate a claim against individual defendants. The Amended Complaint once again names as its sole defendant the Delaware Department of Family Services.

Plaintiff's parental rights were terminated. The Amended Complaint alleges that her rights were violated based upon her mental illness, financial situation, marital status, and living situation. (D.I. 9) Plaintiff seeks an apology and monetary compensation.

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court must accept all factual

1

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson* v. *Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend her complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

### IV.   DISCUSSION

The Amended Complaint raises the same claims as those in the original Complaint. Plaintiff failed to cure her pleading defects, despite the fact that she was given leave to amend to name proper defendants. As previously discussed by this Court, the Delaware Department of

Family Services is immune from suit by reason of the Eleventh Amendment. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001).

Therefore, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## V.     CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), as Defendant is immune from suit. The Court provided Plaintiff an opportunity to correct her pleading deficiencies, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating court may deny request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed"). Further amendment would be futile.

An appropriate Order follows.